IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARCHWAY RUBICON, LLC, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-10-1919 |
| | § | |
| LAWYERS TITLE INSURANCE | § | |
| CORPORATION, *et al.*, | § | |
|     Defendants. | § | |

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff' Motion to Remand [Doc. # 6], to which Defendants neither filed a response nor requested additional time to do so. Having considered the record and the applicable legal authorities, the Court concludes that it lacks subject matter jurisdiction over this dispute and **grants** the Motion to Remand.

**I.    BACKGROUND**

Plaintiff Archway Rubicon, LLC ("Archway"), purchased the Rubicon Apartments in August 2007. Defendant Austin Title Company ("Austin Title") sold to Archway a title insurance policy issued by Defendant Lawyers Title Insurance Corporation ("Lawyers Title"). In March 2009, the Harris County Tax Assessor-Collector and the Alief Independent School District (collectively, "Taxing

Authorities") issued tax statements for the Rubicon Apartments for delinquent taxes for the tax year 2006. Plaintiff made demand to Lawyers Title for payment of the delinquent taxes referenced in the Taxing Authorities' statements. Lawyers Title responded that the taxes were not covered and would not be paid.

Plaintiff, a Texas corporation, filed this lawsuit in the 61th Judicial District Court of Harris County, Texas, against Lawyers Title and Austin Title, a Texas corporation. Defendants removed the case to federal court, asserting that Austin Title, the non-diverse defendant, had been improperly joined to defeat diversity jurisdiction. Plaintiff filed the Motion to Remand, to which no opposition has been filed.

## II.     **IMPROPER JOINDER ANALYSIS**

"'Federal courts are courts of limited jurisdiction.'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). "'They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Rasul*, 542 U.S. at 489 (quoting *Kokkonen*, 511 U.S. at 377 (citations omitted)). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828,

832 (E.D. Tex. 2008) (quoting *Howery*, 243 F.3d at 916 (citing *Kokkonen*, 511 U.S. at 377)); *see also Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005)).

A non-diverse defendant may be found to be improperly joined if either there is "actual fraud in the plaintiff's pleading of jurisdictional facts" or the removing defendant demonstrates that plaintiff cannot establish a cause of action against the non-diverse defendant. *Kling Realty Co., Inc. v. Chevron USA, Inc.*, 575 F.3d 510, 513 (5th Cir. 2009) (citing *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 (5th Cir. 2007)). There is no allegation of actual fraud in Plaintiff's pleading of the jurisdictional facts in this case.

The test under the second prong "is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (*en banc*)). The party asserting improper joinder bears a heavy burden of persuasion. *Id.* at 514. The removing party's "showing must be such as compels the conclusion that the joinder is without right and made in bad faith." *Chesapeake & O. R. Co. v. Cockrell*, 232 U.S. 146, 152 (1914). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d

278, 281-82 (5th Cir. 2007). Generally, if the plaintiff could survive a Rule 12(b)(6) challenge, joinder is not improper. *See Smallwood*, 385 F.3d at 573.

It is well-established and undisputed that Texas law allows a plaintiff to maintain a cause of action for violations of the Texas Insurance Code against individuals other than the insurer, including the insurance agent. *See Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 486-87 (Tex. 1998). Defendants asserted in their Notice of Removal, however, that Plaintiff "alleged no specific facts or omissions" against Austin Title. Defendants' argument is refuted by the record.

In their Original Petition, Plaintiff alleges, *inter alia*, that Austin Title sold it the title insurance policy as agent for Lawyers Title. Original Petition, attached to the Notice of Removal [Doc. # 1], ¶ 6. Plaintiff also alleges that both Defendants "knew or should have known that the Property did not qualify for tax exempt status and that a constructive tax lien existed on the Property." *Id.*, ¶ 12. Plaintiff asserts that, because it failed to disclose this information that it knew or should have known, Austin Title violated section 541 of the Texas Insurance Code by misrepresenting "a material fact or policy provision relating to the coverage at issue." *Id.*, ¶ 14(a).

Defendants have not filed any opposition to Plaintiff's Motion to Remand and, consequently, have not demonstrated that there is no possibility that Plaintiff could prevail on its Chapter 541 claim against the non-diverse defendant based on these

factual allegations and the circumstances giving rise to this lawsuit. As a result, Defendants have not carried their burden to establish that Austin Title was improperly joined.

Because Plaintiff and Austin Title are both Texas citizens, complete diversity of citizenship is absent and this Court lacks subject matter jurisdiction over this dispute.

## III. CONCLUSION AND ORDER

For the foregoing reasons, the Court concludes that Defendants, who have failed to respond to the Motion to Remand, have not satisfied their heavy burden to establish that the non-diverse defendant was improperly joined. Consequently, the Court lacks subject matter jurisdiction in this case and the action must be remanded to the 61th Judicial District Court of Harris County, Texas. It is hereby

**ORDERED** that Plaintiff's Motion to Remand [Doc. # 6] is **GRANTED** and this case is remanded to the 61th Judicial District Court of Harris County, Texas, for lack of subject matter jurisdiction.

The Court will issue a separate Order of Remand.

SIGNED at Houston, Texas, this 26th day of **July, 2010**.

*Nancy F. Atlas*
Nancy F. Atlas
United States District Judge